| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present                         Not Present

**Proceedings:**   [REDACTED] - ORDER ON DEFENDANTS' MOTIONS IN LIMINE (ECF NOS. 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 86)

## I.   INTRODUCTION & BACKGROUND

The history of this action is known to the parties and is summarized in the Court's January 13, 2020 order ("MSJ Order") denying defendants New York Life Insurance Company ("NYL") motion for partial summary judgment. ECF No. 64. For that reason, the Court recites only the factual and procedural background that gives rise to NYL's motions in limine ("MILs").

Defendant NYL filed fourteen MILs ("NYL's MILs") on February 14, 2020. ECF Nos. 69-81, 86. Plaintiff Ada Shenon ("Shenon") filed oppositions to NYL's MILs Nos. 1, 2, 4, 5, 8, 11, 12, 13, and 14, ECF Nos. 87, 89-93, 95, 99, 104, and gave notice of non-opposition to NYL's MIL No. 6 on February 24, 2020, ECF No. 96. Shenon filed motions in opposition to NYL's remaining MIL Nos. 3, 7, 9, and 10 on February 26, 2020. ECF Nos. 116-119.

Having carefully considered the parties' arguments, the Court concludes as follows.

## II.   LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). "[M]otions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible." Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. 08-CV-08525-PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

"failure to specify the evidence" that a motion in limine "seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion." Bullard v. Wastequip Mfg. Co. LLC, No. 14-CV-01309-MMM (SSx), 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015).

"Trial courts have broad discretion when ruling on motions in limine." Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc., No. 2:16-CV-0084-FMO-AJW, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017). Such rulings are "not binding on the trial judge, and the judge may always change his mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Matrix Int'l Textile, 2017 WL 2929377, at *1 (internal citation omitted).

## III. NYL'S MOTIONS IN LIMINE

### A. NYL's MIL No. 1

NYL moves to exclude the testimony and report of plaintiff's expert witness Sharon Rosenfield. ECF No. 70 at 1. NYL anticipates that Rosenfield will testify regarding Shenon's ability to perform Activities of Daily Living ("ADLs") and her physical condition. Id. NYL contends Rosenfield's testimony is inadmissible under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), because (1) she does not possess sufficient training, experience, or education to be qualified as an expert; (2) her testimony will not assist the trier of fact in determining the facts at issue in this case; and (3) her testimony is duplicative of testimony from plaintiff's other retained experts who are more medically qualified. Id. at Notice 2. NYL further contends that (4) Rosenfield's testimony is inadmissible under Rule 403 because her "role in this litigation is to serve as Plaintiff's mouthpiece for her ailments and complaints" and therefore her testimony would confuse and mislead the jury as well as cause undue prejudice to NYE. Id. at Notice 2, 5.

The Court disagrees. First, Rosenfield is qualified to testify as expert. See Heston v. Taser Int'l, Inc., 431 F. App'x 586, 588 (9th Cir. 2011) (holding that "board-certified" professionals "with extensive experience in the field" are "sufficiently qualified by 'knowledge, skill, experience, training, or education'" to testify as experts) (citing Fed. R. Evid. 702). Rosenfeld is a Geriatric Care Manager who, for more than 30 years, has managed client care in clients' homes. ECF No. 95 at 4. She obtained a nursing degree in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

1979 and has board certification from the National Academy of Certified Care Managers. ECF No. 70 at 3. Although not a medical doctor, she has the requisite training and experience—including experience making in-home patient assessments—to opine on Shenon's restrictions, limitations, and need for assistance in her home.

Second, whether Rosenfeld's testimony will actually "assist" the jury is not a proper function of a motion in limine brought pursuant to Rule 702 since it goes to the weight rather than the admissibility of the evidence. See United States v. Sandoval-Mendoza, 472 F.3d 645, 654 (9th Cir. 2006) ("Daubert makes the district court a gatekeeper, not a fact finder."). At this point, "[w]e are concerned not with the correctness of [an] expert's conclusions but the soundness of [her] methodology." Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 463 (9th Cir. 2014).

Third, while the Court would be inclined to exclude cumulative testimony, it is premature to do so at this juncture. See Apple iPod iTunes Antitrust Litig., No. 05-CV-0037 YGR, 2014 WL 12719192, at *1 (N.D. Cal. Nov. 18, 2014) (denying motion in limine "to exclude cumulative expert testimony" without prejudice "as premature" because while expert "reports may have overlapping material" that "does not necessitate the Court excluding the presentation of such evidence in advance," and instead concluding that if "defendant introduce[s] purportedly cumulative expert testimony at trial, plaintiffs may raise an appropriate objection at that time which the Court can then consider in context."). The Court reserves judgment as to any objection made at trial that Rosenfeld's testimony is cumulative.

And fourth, defendant's Rule 403 objection is not well-taken to the extent that Rosenfeld's testimony is limited to demonstrating Shenon's inability to perform her activities of daily living, in accordance with the opinions disclosed in her report.

Accordingly, NYL's MIL No. 1 is **DENIED**, without prejudice.

B.  NYL's MIL No. 2

NYL next moves to exclude the testimony of Laura Parker, Shenon's bad faith expert, on the basis that Shenon has "failed to carry her burden to establish by a preponderance of the evidence that Parker is a qualified expert." ECF No. 75 at 1. NYL specifically contends that Parker should not be allowed to testify on corporate motive and intent, on her legal opinions, on custom and practice opinions, and that her testimony will not assist the trier of fact. See Id. at 3-7. Shenon answers that Parker is a qualified expert,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

and that her testimony is necessary to explain to the jury the process and standard of handling an insurance claim, something which Shenon alleges is foreign to a jury member. ECF No. 90 at 1. Shenon also states that Parker will not offer legal conclusions at trial, and that NYL's concerns regarding the credibility of her testimony can be addressed at cross-examination and is ultimately an issue for the jury to determine. Id.

NYL's attempt to exclude this witness is without merit. Parker is qualified to testify as an expert on the ordinary insurance claims process. She has more than 25 years of "extensive experience" working in the insurance industry, through which she has developed specialized knowledge regarding industry standard claims handling practices. See Heston, 431 F. App'x at 588. She has testified as an expert about claims procedures in numerous other cases, and has personally handled insurance claims in the State of California. "Clearly, this lays at least the *minimal foundation* of knowledge, skill, and experience required in order to give expert testimony on the practices and norms of insurance companies in the context of a bad faith claim." Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004) (internal marks omitted) (emphasis original) (citing Thomas v. Newton Int'l Enters, 42 F.3d 1266, 1269 (9th Cir. 1994)) (finding that the district court did not abuse its discretion in concluding that a bad faith expert with twenty-five years' experience working for insurance companies and prior expert testimony in insurance cases was qualified to testify as an expert witness).

NYL's other objections are unavailing. To the extent NYL objects to the weight, as opposed to the admissibility, of Parker's testimony, that argument fails. See AstenJohnson, Inc., 740 F.3d at 463 (cited *supra*). Moreover, there is no basis at this point to conclude that Parker will necessarily only "summarize evidence." Rogers v. Raymark, 922 F.2d 1426, 1431 (9th Cir. 1991). "[T]he average juror is not likely to be familiar with the practices and procedures involved in insurance claims handling," and Parker's testimony may shed light on these issues. See Camacho v. Nationwide Mut. Ins. Co., 2014 WL 1396427 at *17 (N.D. Ga. Mar. 31, 2014) (citing other courts that have reached the same conclusion). Parker shall be permitted to explain these procedures at trial, provided she does not offer any conclusions that invade the province of the jury. Should Parker's testimony stray from what is admissible pursuant to the Federal Rules of Evidence, NYL shall be free to make an objection at that time.

NYL's MIL No. 2 is accordingly **DENIED** without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

### C. NYL's MIL No. 3

NYL moves to exclude "[t]estimony, evidence or documents regarding, or presenting any argument relating to [Shenon's] prior claim with [NYL]." ECF No. 86 at Notice 2. This prior claim ("the Prior Claim") was filed by Shenon with NYL for long-term care benefits on January 7, 2010, and settled on June 21, 2017. Id. at 1; ECF No. 116 at 2. To record their settlement, the parties entered into a confidential settlement agreement ("the Settlement Agreement"). See ECF No. 86-1.

NYL claims that the Settlement Agreement prevents Shenon from referring to the Prior Claim in this litigation, and that Shenon also agreed to keep the facts and circumstances regarding the Prior Claim confidential. ECF No. 86 at 3. As a result, NYL argues that any evidence related to the Prior Claim is inadmissible. Id. at 4. Additionally, NYL contends that evidence related to the Prior Claim is irrelevant to the claim at issue in this litigation ("the Present Claim") and prejudicial because it would invite the jury to unfairly speculate as to the Prior Claim. Id. at 4-5.

At the hearing on this motion, Shenon's counsel explained that the evidence it seeks to introduce from the Prior Claim file is a May 21, 2017 document that Shenon contends demonstrates that NYL made previous findings that support the veracity of Shenon's current claim. Shenon argues the document is relevant because it supports a finding that would trigger coverage for the present claim. She adds that NYL, at a minimum, reviewed this evidence when it selectively relied on other documents in the Prior Claim file to make its determination on the claim at issue in this litigation. As to NYL's objection under the Settlement Agreement, Shenon responds that NYL materially breached the Settlement Agreement by providing "cherry-picked" information from the Prior Claim case file to Dr. Theresa Oney for the purpose of defending this lawsuit, with the result that Shenon is released from performing the agreement's obligations. See Brown v. Grimes, 192 Cal. App. 4th 265, 277 (2011) ("When a party's failure to perform a contractual obligation constitutes a material breach of the contract, the other party may be discharged from its duty to perform under the contract."). In anticipation of this argument, NYL contends that sharing the selected records with Dr. Oney was permitted by an exception recorded in the Settlement Agreement which states that: [REDACTED]

See ECF No. 86-1 § 3(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

Based on the record before the Court, the motion appears to be moot because the only Prior Claim document that Shenon intends to introduce at trial is exempted by the plain language of the agreement. Specifically, whether or not NYL materially breached the Settlement Agreement by providing materials to Dr. Oney (and it appears it did not), the Settlement Agreement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Shenon or NYL from ▮▮▮▮▮▮▮▮▮▮▮▮ (i.e., using in a proceeding) documents from the Prior Claim to adjudicate a new claim if those documents ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. See ECF No. 86-1 § 3(b). The only Prior Claim document that Shenon apparently intends to ▮▮▮▮▮▮▮▮▮▮▮▮ is the May 21, 2017 document that, based on the proffer made by Shenon's counsel at the hearing on this motion, is ▮▮▮▮▮▮ to her current claim.

For these reasons, NYL's MIL No. 3 is **DENIED AS MOOT**.

### D. NYL's MIL No. 4

NYL moves to restrict the testimony from seven of Shenon's treating physicians and medical providers who were designated as experts, but who did not provide an expert report in accordance with Federal Rule of Civil Procedure 26(a)(2)(B)—namely Drs. Elena Spektor, Stephen Kay, Andrew Spitzer, Daniel Rosen, Martin Cooper, Faina Zlatogorov, and physical therapist Julia Karchemsky (collectively, "the Challenged Providers"). ECF No. 69 at 1. Specifically, NYL moves to limit the Challenged Providers' testimony to the opinions they formed during the course of their treatment at the time it was rendered, excluding any opinions they developed from independent sources (including records produced in litigation). See Goodman v. Staples The Office Superstore, 644 F.3d 817, 826 (9th Cir. 2011) (holding that a treating physician may provide expert testimony without submitting a written report, but only if the physician offers opinions that were formed "during the course of treatment").

Shenon does not dispute that, under Goodman, the Challenged Providers' testimony must be limited to the opinions that these providers formed during the course of their treatment since they did not submit expert reports. However, Shenon contends that the Challenged Providers "should be allowed to testify about all of their opinions formed during the course of their treatment of Ms. Shenon, regardless of whether such opinions are based upon or informed by information or documents" collected through litigation. Id. at 3-4 (internal marks omitted).

The Ninth Circuit held in Goodman that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

during the course of treatment." Goodman, 644 F.3d at 826. This decision limits the testimony of a physician who does not file a written report to opinions drawn or derived from the treatment they provide. Id. Medical opinions formed from the consideration of Shenon's prior medical records, physician reports, and other related documents (however obtained) fall within the range of admissible testimony under that standard, provided that these documents informed the Challenged Providers' ongoing treatment of Shenon. The Challenged Providers shall be permitted to offer such testimony at trial. What the Challenged Providers cannot discuss, however, are any legal conclusions about whether Shenon's condition entitles her to the benefits of the insurance policy at issue in this case, or any prognoses as to Shenon's future condition and abilities. See Lee v. First Nat'l Ins. Co., No. 09-CV-06264-MMM CWx), 2010 WL 11549637, at *10 (C.D. Cal. Dec. 22, 2010) (concluding that "such opinions fail to assist under Rule 702" since they "do nothing more for the jury than tell it what verdict to reach") (citing Wright & Gold, 29 Fed. Prac. & Proc. Evid. § 6264 (2d ed.)).

For these reasons, NYL's MIL No. 4 is **GRANTED** in that the Challenged Providers' testimony shall be limited by Goodman, but **DENIED** to the extent NYL seeks to preclude the Challenged Providers from offering opinions based upon a review of documents they considered during their course of treating Shenon.[1] Shenon's counsel is, however, directed to explain in more detail what specific documents the Challenged Providers relied upon to treat Shenon that they intend to testify about at trial.

### E. NYL's MIL No. 5

NYL moves for an order "to exclude evidence of plaintiff's disability benefits or the legal standards applicable to disability benefits" with reference to the private insurance and Social Security disability benefits Shenon is receiving. ECF No. 71 at 1. NYL contends that such evidence is irrelevant to Shenon's claims, would be confusing to the jury, prejudicial to NYL, and—without citing or discussing any legal authority—conclusively asserts that such testimony is accordingly inadmissible. Id. Shenon answers that her receipt of disability payments, and the underlying basis for those payments, are facts that

---

[1] Shenon contends that if NYL raises any subject matter beyond the scope of the Challenged Providers' treatment on cross-examination, then Shenon should be permitted to probe those subjects on redirect. The Court reserves decision to rule on the objections to the scope of any cross-examination or redirect at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

NYL had an obligation to investigate when it considered Shenon's claim, that NYL's failure to investigate those facts are relevant to her bad faith claim, and that the jury instructions will ensure that these facts should only be considered for this purpose, and that "there will be no confusion concerning which standard the jury is to apply." ECF No. 89 at 3-4. At the hearing on this motion, Shenon's counsel made clear that Shenon does not intend to offer the evidence to suggest she is entitled to policy benefits from NYL because she has been found to be disabled by the Social Security Administration, but only to demonstrate that NYL did not adequately investigate her claim.

The Court agrees with Shenon that the probative value of the federal disability benefits in this case are considerable, at least as they relate to NYL's obligation to investigate Shenon's disability claim. Moreover, evidence that a plaintiff receives federal disability benefits—pursuant to the pertinent legal standard—is not inadmissible or prejudicial *per se* in a case involving a claim for benefits under a different standard. See Creer v. AT & T Umbrella Ben. Plan No. 1, No. 09-CV-02210-MCE, 2012 WL 397717, at *6 (E.D. Cal. Feb. 7, 2012) (concluding in an ERISA case that "the fact that the disability standard for [Social Security Disability Insurance ('SSDI')] purposes may be different does not mean Plaintiff's social security award was irrelevant.") (citing Letvinuck v. Aetna Life Ins. Co., 439 F. App'x 585, 586 (9th Cir. 2011) for the proposition that the "Social Security Administration's (SSA) decision that Letvinuck was disabled" was "relevant evidence" in ERISA action for wrongful denial of coverage).

The Court accordingly **DENIES** NYL's MIL 5. The parties are instructed to propose a limiting instruction addressing how the jury should consider the evidence of Shenon's SSDI benefits.

### F. NYL's Unopposed MIL No. 6

NYL's MIL No. 6 to exclude any reference to the court's ruling on defendant's motion for partial summary judgment, ECF No. 72, is not opposed by Shenon, see ECF No. 96, and therefore this MIL is **GRANTED**.

### G. NYL's MIL No. 7

NYL moves to exclude evidence related to its "handling of other claims submitted by other insureds and other lawsuits." ECF No. 76 at 4. NYL claims that such evidence is irrelevant because there is no "evidentiary link between information about other claimants and the issues being tried in this case," and that it would violate third party privacy rights to disclose this information. Id. at 2. NYL further contends that even if this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

was not the case, the evidence should be excluded pursuant to Rule 403 because NYL would "necessarily be forced" to present evidence showing that its claim handling was reasonable, proper, and done in good faith, resulting in certain prejudice to NYL and likely confusion of the jury. Id. at 3.

Shenon answers that this MIL must be denied because NYL "failed to identify any specific evidence or other claims that it seeks to preclude." ECF No. 117 at 2. Shenon further contends that she "must be able to reference other claims" in order to prove that her claim was unfairly targeted for differential treatment, and in order to prove that NYL had a pattern or practice of denying claims like hers in bad faith. Id. at 6-7.

The Court agrees that evidence related to NYL's handling of other claims and lawsuits could be relevant to show a pattern of NYL's claim handling process that is related to Shenon's bad faith claim. See MSJ Order at 10 (addressing Shenon's bad faith claim). Moreover, in the absence of any particular evidence targeted for exclusion, it is premature to decide whether the proffer of such evidence, even if relevant, would be substantially more prejudicial than probative. "[A] district court cannot properly exercise its discretion to decide whether the probative value of evidence objected to under Rule 403 outweighs the risk of unfair prejudice without examining the evidence" first. See United States v. McElmurry, 776 F.3d 1061, 1067 (9th Cir. 2015). For this reason, "the Court is not in a position to rule n the request" at this time. United States v. Cervantes, No. 12-CR-00792-YGR, 2016 WL 345600, at *9 (N.D. Cal. Jan. 28, 2016) (denying motion in limine grounded in Rule 403 without prejudice).

The Court adds that while Federal Rule of Evidence 404(b)(1) precludes the admission of prior acts evidence "to prove the character" of a defendant "in order to show action in conformity with that character," the evidence at issue in this case falls into the exception set forth in Rule 404(b)(2) "which allows the admission of prior conduct for the purposes of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir. 1993) (citing Fed. R. Evid. 404).

Accordingly, MIL No. 7 is **DENIED** without prejudice. The court reserves the right to preclude evidence of prior claims and lawsuits on a case-by-case basis at trial. Additionally, the parties are ordered to propose a limiting instruction addressing how the jury should consider the evidence of NYL's prior claims and lawsuits in accordance with Rule 404.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

### H. NYL's MIL No. 8

NYL moves for an order that the Court either (1) exclude certain unspecified financial documents ("the Financial Documents") discussed at the deposition of Aaron Ball or, in the alternative, (2) preclude Shenon from referring to these unspecified Financial Documents in her opening statement and handle objections on a document-by-document basis at trial. ECF No. 77 at 1. Shenon answers that NYL has, among other problems with its motion, failed to specifically identify the evidence it seeks to exclude. ECF No. 99 at 2-4.

The Court agrees with Shenon that this MIL lacks the requisite specificity that would allow the Court to rule on its merits, at least at this point. District courts routinely deny MILs that fail to identify the specific materials they seek to exclude. See, e.g., Bullard v. Wastequip Mfg. Co., LLC, 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015) ("defendants' failure to specify the evidence they seek to exclude constitutes a sufficient basis upon which to deny their motion"); Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("motions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible" and "motions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"); Engman v. City of Ontario, 2011 WL 2463178, at *3 (C.D. Cal. June 20, 2011) ("Because defendants have not identified any particular statement that they seek to preclude, the Court finds that it would be premature to address the instant motion *in limine*").

Accordingly, this MIL is **DENIED** without prejudice. NYL will have an opportunity to renew this motion at trial with reference to the specific financial documents it seeks to exclude.

With respect to evidence addressed in opening statements, it is the Court's practice to require the parties to exchange the evidence they intend to reference in their respective opening statements before the beginning of trial. If either party objects to the use of evidence in the other party's opening, the evidence shall not be referenced until received into evidence at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

## I. NYL's MIL No. 9

NYL moves to "either (1) exclude any reference to Granville Elliott, or, alternatively, (2) preclude Plaintiff from referring to Elliott in opening statement, and handle objections during trial." ECF No. 78 at 3.

The parties do not dispute that Elliott was a licensed and appointed representative of NYL who administered Shenon's policy, but NYL contends that Shenon has failed to establish how Elliott is relevant to the handling of Shenon's claim, or this litigation. Id. at 5. Shenon answers that there is circumstantial evidence that her claim was "tracked and handled as suspicious and potentially fraudulent, at least in part, because her policy had been [administered] by Granville Elliott." ECF No. 118 at 6 (internal marks omitted). This evidence consists of testimony by Aaron Ball, ECF No. 118-1 ("Calvert Decl."), Ex. 3 ("Ball Depo."), testimony by Elliott himself, Calvert Decl., Ex. 1 ("Elliott Depo."), and evidence from documents produced in discovery that policies sold and/or handled by Elliott were targeted for denial based on allegations that these policies tended to generate a greater than average loss ratio. See, e.g., Calvert Decl., Ex. 5 ("NYLIC 2274") and Ex. 6 ("NYLIC 2310"). Shenon contends that this evidence, taken together, demonstrates that Elliott's role in administering Shenon's policy may have contributed to the subsequent denial of her claim in bad faith.

The Court agrees with Shenon, and does not find the evidence involving Elliott inadmissible as a matter of law at this juncture. Even if a plaintiff who claims that a company policy led to the denial of her claim were required to supply evidence of a "specific nexus" between that alleged policy and her claim denial before she could put on evidence of the alleged policy, see Starr-Gordon v. Massachusetts Mut. Life Ins. Co., No. 03-CIV-0368-LKK (GGH), 2006 WL 3218778, at *13 (E.D. Cal. Nov. 7, 2006) (discussed in NYL's motion at 5), the record evidence (including the evidence discussed above that NYL scrutinized policies handled by Elliott) does precisely that. Moreover, as the Court concluded in its motion denying NYL's partial motion for summary judgment, Shenon has presented evidence that raises a triable issue "that the BIU was created for, *and in the case of her claim used to*, 'search for ways to avoid paying a claim.'" MSJ Order at 10 (emphasis added) (quoting Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1269, 1281 (1994) (cited in Croskey et al., Cal. Prac. Guide: Insurance Litig., § 12:889) ("Croskey")). Shenon has presented evidence that raises a triable issue that NYL created the BIU to deny claims in bad faith, including by targeting claims brought by insureds (like Shenon) whose policies are serviced by particular sales agents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

Accordingly, NYL's MIL No. 9 is **DENIED**.

**J.     NYL's MIL No. 10**

NYL moves to exclude any "comment, reference, evidence or argument regarding the reserves set on Plaintiff's claim or the reserves set on any other claim submitted to [NYL] or any of its parent or affiliated companies." ECF No. 73 at Notice 2. NYL contends that a policy's claims reserves are based on statistical factors and statutory requirements, and as such are not relevant to Shenon's claim. Id. at 2. NYL further contends that even if found to be relevant, all reference to reserves should be excluded on the basis that any purported relevance would be substantially outweighed by unfair prejudice to NYL, confusion of issues for the jury, and delay and waste of the court's time pursuant to Rule 403. Id. Shenon answers that she does not intend to introduce evidence of NYL's claims reserves, but must be allowed to discuss the separate settlement and/or litigation reserves (i.e., liability reserves) that NYL set aside for certain policies—specifically, those policies administered or sold by Granville Elliott—because she contends these greater than average figures are relevant to show that NYL had an incentive to monitor and target claims like hers for denial.

Although "in first party" bad faith cases "the question of potential liability reserves" is typically "not relevant," this is because the usual first party bad faith case focuses on the adequacy of a defendant insurance company's "good faith in investigating the loss and denying coverage." American Protection Ins. Co. v. Helm Concentrates, Inc., 140 F.R.D. 448, 450 (E.D. Cal. 1991) (cited by NYL). This case is different, however, because its theory of bad faith hinges on an alleged NYL policy to target certain claims for denial, including on grounds that the insured making the claim held a policy that was handled by Granville Elliott. See MSJ Order at 10-11. From what the Court understands, Shenon intends to offer evidence of the relatively high liability reserves on her and other allegedly affected policies to show NYL's motive for developing and plan for executing this policy to reduce the liability risk from Elliott's clients. For this reason, the evidence could be relevant in this case.

Accordingly, MIL No. 10 is **DENIED** without prejudice. The Court reserves judgment as to whether individual exhibits or certain testimony are substantially more prejudicial than probative.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

### K. NYL's MIL No. 11

NYL moves to exclude any evidence, reference, or argument that Shenon may be entitled to recover future benefits, regardless of whether the jurors find NYL acted in bad faith. ECF No. 79 at 6. Ordinarily, a jury may award damages for future policy benefits consistent with the policy provisions. See Egan v. Mut. of Omaha Ins. Co., 24 Cal. 3d 809, 824 n.7 (1979). NYL contends, however, that Egan only applies to future disability benefits, pursuant to a disability policy, and not to the kind of long-term care ("LTC") benefits that are at issue in this case. ECF No. 79 at 2. According to NYL, disability benefits are unique in that they "provide fixed monthly indemnity disability benefits designed to replace income," whereas LTC benefits reimburse the insured for covered expenses already paid for. Id. Because LTC benefits effectively operate as a reimbursement policy, NYL argues that "damage claims based on future [LTC] benefits are fatally speculative" and "impossible to calculate." Id. at 3. Furthermore, NYL alleges that because the conditions to Shenon's right to receive future benefits have not yet occurred (i.e. the expense events that would require reimbursement have not yet taken place), a jury could not predict without speculating what LTC benefits Shenon may be entitled to receive in the future. Id. at 4. Finally, NYL contends that an award of future LTC benefits would allow Shenon to recover long-term care benefits without certification of chronically ill status by a licensed health care practitioner in violation of the Internal Revenue Code. See 26 U.S.C. § 7702B.

Shenon responds that Egan applies to her case in full force. The Court agrees. While Egan concerns fixed monthly indemnity disability benefits, Egan, 24 Cal. 3d at 815, NYL cites no authority that Egan cannot apply to reimbursement policies such as the one at issue in this case. In fact, as Shenon correctly notes, the Ninth Circuit in Hangarter indicated the opposite. See Hangarter, 373 F.3d at 1012 (holding "Egan to apply to insurance bad faith claims generally"). The Court therefore sees no reason to exclude evidence of future benefits on this basis.

NYL's remaining arguments are without merit. First, NYL cites no authority to support the proposition that an award of future LTC benefits would violate the Internal Revenue Code. Second, there is no basis to exclude the evidence because of a speculative damage award that might result. "Under California law, the damages recoverable in any case must be susceptible of ascertainment with a reasonable degree of certainty[.]" Yujin Robot Co. v. Synet Elecs., Inc., 744 F. App'x 338, 340 (9th Cir. 2018). This burden is sufficient to ensure that the jury will not award "fatally speculative" future disability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

benefits to Shenon. NYL may challenge any award that is contrary to this rule of law, or not supported by the clear weight of the evidence, through post-trial motions.

Accordingly, NYL's MIL No. 11 is **DENIED**.

L.   **NYL's MIL No. 12**

NYL moves to exclude "[a]ny evidence relating or referring to purported emotional distress sustained by Shenon due to any act or omission by [NYL]." ECF No. 80 at 2. NYL alleges that emotional distress damages are only recoverable if Shenon establishes that she has sustained economic loss, and that Shenon has already stipulated that no economic loss occurred in her case. Id. at 3-4; ECF No. 80-1 ("Shea Decl.") at 2. NYL further contends that even if evidence related to emotional distress is to be found admissible, it would be substantially outweighed by the unfair prejudice that would result to NYL and the confusion of issues that would result to the jury. ECF No. 80 at 4.

Shenon claims that she only agreed to withdraw her claim for financial distress, not her claim for financial harm. ECF No. 104 at 2. Shenon argues that "financial harm connotes an actual loss" while "financial distress" is "the actual or potential loss of her home, immediate failure of her ability to pay her bills, etc." Id. Shenon contends that she has suffered and continues to suffer financial harm every two weeks when she pays for her care out of her own pocket, and that "[t]he emotional turmoil [Shenon] experienced naturally flowed from this economic loss." Id. at 3-4.

"[E]motional distress damages are recoverable in first and third party bad faith cases only when the insureds have suffered financial loss." Waters v. United Servs. Auto. Ass'n., 41 Cal. App. 4th 1063, 1069 (1996). In Waters, the California Court of Appeal reversed a jury's award of emotional distress damages to the insureds on the basis that they:

> "…did not put on *any* evidence of any kind of financial loss—no medical or hospital bills paid (or even incurred), no attorneys' fees, no interest paid on borrowed funds, no interest lost because personal funds had to be advanced to cover . . . expenses, no loss of an investment opportunity because personal capital was committed to the restoration effort—in short, nothing to suggest the Waters spent a penny of their own (or lost income they would have otherwise received) as a result of USAA's delay in paying the amounts claimed under the policy."

Id. (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

The Court agrees with Shenon that, in contrast to the insureds in Waters, Shenon has experienced and continues to experience financial loss resulting, at a minimum, from her biweekly payments to her caretaker Naratovska, the potential interest lost on those funds, and the litigation expense she is incurring as a result of this suit. ECF No. 104 at 3-4. NYL's contention that these payments cannot constitute loss are not well-taken: the reduction in a fixed asset, or fund, plainly constitute damages.

The Court also agrees with Shenon that the joint stipulation entered by NYL and Shenon on February 14, 2020 ("the Joint Stipulation"), ECF No. 68, does not preclude Shenon from claiming emotional distress damages on the basis of financial harm. The Joint Stipulation only precludes Shenon from "making a claim against [NYL] for financial distress or hardship because of the non-receipt of long-term care benefits from NYL," and does not apply to the financial loss Shenon alleges as the basis for her emotional distress claim. Id. at 2.

Accordingly, NYL's MIL No. 12 is **DENIED**.

**M.     NYL's MIL No. 13**

NYL requests a protective order pursuant to California Civil Code § 3295(a) to prevent Shenon from putting on evidence of NYL's financial condition until she has established a prima facie case that she is entitled to punitive damages. ECF No. 74 at 2. Specifically, the code section states that "[t]he court may, for good cause, grant any defendant a protective order requiring the plaintiff to produce evidence of a prima facie case of liability for [punitive damages], prior to the introduction of evidence of . . . [t]he financial condition of the defendant." Cal. Civ. Code § 3295(a). NYL contends that its financial condition is not relevant to any issue, except in the event that the issue of punitive damages is permitted to go to the jury, and if admitted before that point, would be unduly prejudicial pursuant to Rule 403. Id.

Shenon opposes on grounds that (i) NYL's financial condition and net worth are relevant to proving NYL's liability for bad faith because NYL's financial information shows that it had the resources to conduct a thorough investigation, and elected not to. ECF No. 87 at 2-3, and (ii) NYL has no basis to conclude that evidence of NYL's net worth would cause prejudice if introduced during Shenon's case in chief. Id. at 3.

The Court notes that it has no obligation to grant a protective order pursuant to § 3295 because that provision of California state law is procedural and federal courts sitting in diversity apply federal procedural law. See, e.g., Oakes v. Havlorsen Marine Ltd., 179

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

F.R.D. 281, 284-85 (C.D. Cal. 1998) ("Examining Civil Code Section 3295(a)-(c), this Court find that it is clearly a procedural law") (citing Hanna v. Plummer, 380 U.S. 460, 465 (1965)). Nonetheless, the Court has discretion to bifurcate trial pursuant to Federal Rule of Civil Procedure 42.

It is well-established that evidence of an insurer's net worth, while relevant to the proof of punitive damages, may prejudice it during the liability phase of trial. See Croskey et al., 13-C Cal. Prac. Guide: Ins. Litig. §§ 13.446, 13.571 (2019) ("Croskey") (stating that "Defendant's wealth and income are important factors in assessing punitive damages," but agreeing that there is a "presumption" that "evidence of a defendant's wealth can induce factfinders to abandon their objectivity and return a verdict based on passion and prejudice") (citation omitted). For this reason, federal courts often exercise their discretion to bifurcate the trial on an insured's underlying claims for denial of coverage and the entitlement to punitive damages, from the trial on the amount of punitive damages to be awarded, if any. See, e.g., Fid. Nat. Fin., Inc. v. Friedman, No. 00-CV-06902-WJR (RZx), 2002 WL 34369457, at *1 (C.D. Cal. May 14, 2002) (concluding that financial condition evidence "would be relevant only to the issue of punitive damages" and ordering "that the trial of the respective punitive damage claims of plaintiffs/counterdefendants and of defendant/counterclaimant . . . be bifurcated from, and conducted after, trial of the underlying claims and counterclaims").[2]

---

[2] In some cases, a leading treatise suggests that it may even make sense to divide trial into *three* phases—one for liability on the underlying denial of coverage claims, one for entitlement to punitive damages, and one for the amount of punitive damages to award—to account for the fact that proof of liability and the entitlement to punitive damages are adjudicated under different legal standards, and often turn on different sets facts. See generally Croskey §§ 13.355, 13.518, 13.550 (observing (i) that "a bad faith claim in which punitive damages are sought involves two different standards of proof: the bad faith (tort) claim need be proved only by a preponderance of the evidence" while the "oppression, fraud or malice" necessary to establish an entitlement to punitive damages "must be proved by clear and convincing evidence, and (ii) that a claim for punitive damages ordinarily "is not established merely by evidence that the insurer" tortiously breached the implied covenant).

However, because this is a case where "the facts showing breach of the implied covenant . . . may also constitute clear and convincing evidence of [malice] or other conduct justifying punitive damages"—see, e.g., Campbell v. Cal-Gard Sur. Servs., Inc., 62 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

Shenon contends that the Court should not bifurcate trial in this fashion because NYL's financial condition demonstrates that it had the means to reasonably investigate Shenon's claim, but elected not to, and thus denied her claim in bad faith. That is a red herring. Whether or not NYL was well-capitalized, it had an obligation to reasonably investigate Shenon's claim pursuant to its policy contract and the associated covenant of good faith and fair dealing. See Guebara v. Allstate Ins. Co., 237 F.3d 987, 992 (9th Cir. 2001) ("The key to a bad faith claim is whether or not the insurer's denial of coverage was reasonable.") (applying California law); e.g., Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1269, 1281 (1994) (insurer breaches this obligation in bad faith when it "search[es] for ways to avoid paying a claim") (discussed in MSJ Order at 10-11). NYL's financial condition has no bearing on the reasonableness of its decision to deny Shenon's claim. Shenon's other argument—that NYL has not presented evidence that it would necessarily be prejudiced by the introduction of this evidence during a liability phase of trial—is also without merit in light of the "presumption," discussed above, "that evidence of a defendant's wealth" can induce prejudice. See Croskey, § 13:571 (citing cases).

Given the risk that evidence of NYL's net worth and financial condition may prejudice NYL if considered during the the liability phase of trial, the Court will exercise its discretion pursuant to Rule 42 to bifurcate the trial as follows: first, the Court will try Shenon's bad faith, breach of contract, and entitlement to punitive damages claims; second, if Shenon prevails on her claim and establishes that she is entitled to punitive damages, the Court shall hold an additional trial to determine the amount of punitive damages it shall award, at which time the evidence of NYL's financial condition will be admissible.

NYL's MIL No. 13 is accordingly **GRANTED** in substance. Shenon shall not introduce evidence of NYL's financial condition unless and until she has established a prima facie case that she is entitled to punitive damages.

**N.     NYL's MIL No. 14**

NYL alleges that at the pre-trial conference meeting between counsel on February 12, 2020, Shenon informed NYL that Shenon's expert Glenna Tolbert will provide an updated report to provide a more recent evaluation of Shenon's condition. ECF No. 81 at 3. Considering that expert designations were due October 29, 2019 and rebuttal

---

App. 4th 563, 571 (1998) (evidence that the insurer "had an established practice of not investigating claims" both established tortious breach of the implied covenant and malice)—the Court declines to follow this approach. Croskey, § 13.550.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

designations were due November 27, 2019, NYL moves to exclude all testimony related to this new report and to limit Tolbert's testimony to the reports served with Shenon's expert designation. Id. at 6. NYL contends that Shenon is not allowed to use the information in the new report as evidence in the trial pursuant to Federal Rule of Civil Procedure 37(c)(1), and that any probative value of this testimony would be "far outweighed by the harms elucidated in Rule 403." Id. at 5.

Shenon answers that she is simply seeking to supplement Tolbert's timely disclosed reports and opinions in accordance with Federal Rule of Civil Procedure 26(e)(1)(A), which requires a party to "supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect." ECF No. 92 at 2. Shenon claims that, absent supplementation, Tolbert's timely disclosed original report will be incomplete at the time of the trial because she was last evaluated by Tolbert six months ago. Id. at 2-3. Supplementing the report, she contends, will "provide the jury with the most current and accurate evidence concerning [Shenon's] status." Id. at 3.

"[S]upplements are only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." In re Asbestos Prod. Liab. Litig. (No. VI), 289 F.R.D. 424, 425 (E.D. Pa. 2013) (quoting Sancom, Inc. v. Qwest Comm. Corp., 683 F.Supp.2d 1043, 1062-63 (D.S.D. 2010) (internal marks omitted). "Rule 26(e) is not an avenue to correct failures of omissions because the expert did an inadequate or incomplete preparation, add new opinion, or deepen or strengthen existing opinions." In re Asbestos, 289 F.R.D. at 425 (omitting internal marks and cites).

At this point—before any supplement has been drafted—the Court cannot conclude that Shenon's proposed updated report would impermissibly "add new opinion[s], or deepen or strengthen existing opinions," In re Asbestos, 289 F.R.D. at 425 (omitting internal marks and cites), as opposed to providing a valid "supplement" under Rule 26(e)(1)(A). See Cross-Fit, Inc. v. Nat'l Strength & Conditioning Ass'n, 2018 WL 3491854, at *11 (S.D. Cal. July 18, 2018) (permitting supplement because "[i]t is . . . understandable that damages may increase and damages assessments may change over time, especially when a case experiences lengthy delays . . . . Rule 26(e)(1)(A) permits a party to supplement an expert report under these circumstances.").

Accordingly, NYL's MIL No. 14 is **DENIED**, without prejudice. Shenon shall be permitted to supplement Tolbert's report pursuant to Rule 26(e)(1)(A), and NYL retains the right to object to the admissibility of any opinion based on the prepared supplement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-00240-CAS (AGRx) | Date | March 16, 2020 |
|---|---|---|---|
| Title | SHENON V. NEW YORK LIFE INSURANCE CO., ET AL. | | |

In the event a supplemental report is filed, NYL shall be permitted to conduct discovery about the supplemental opinion, and, if appropriate, submit a rebuttal report. Shenon will be entitled to conduct discovery with regard to any rebuttal report.

### IV. CONCLUSION

For the foregoing reasons, the Court rules as follows: NYL's MIL Nos. 1, 2, 7, 8, 10, and 14 are **DENIED WITHOUT PREJUDICE**; NYL's MIL Nos. 5, 9, 11, and 12 are **DENIED**; NYL's MIL Nos. 6 and 13 are **GRANTED**; NYL's MIL No. 4 is **GRANTED** in part and **DENIED** in part; and NYL's MIL No. 3 is **DENIED AS MOOT**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |