UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-00240-CAS-AGRx | Date | October 14, 2021 |
|---|---|---|---|
| Title | Ada Shenon v. New York Life Insurance Company et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                                         Not Present

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION IN LIMINE (Dkt. 154, filed on October 8, 2021)

## I.   INTRODUCTION & BACKGROUND

The history of this action is known to the parties and is summarized in the Court's January 13, 2020 order denying defendant New York Life Insurance Company's ("NYL") motion for partial summary judgment and the Court's October 4, 2021 order denying NYL's motion to amend answer and assert counterclaim. See Dkts. 64, 151. For that reason, the Court recites only the factual and procedural background that gives rise to plaintiff Ada Shenon's motion in limine ("MIL").[1]

On October 8, 2021, Shenon filed a MIL to exclude NYL witness Waj Abdullah from testifying at trial. Dkt. 154 ("Mot."). NYL filed an opposition on October 12, 2021. Dkt. 155 ("Opp."). Shenon filed a reply on October 14, 2021. Dkt. 164 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). "[M]otions in limine must identify the evidence at issue and state with specificity why such evidence is inadmissible." Colton Crane Co., LLC v. Terex Cranes

---

[1] The Court ruled on NYL's MILs on March 16, 2020. See Dkts. 126, 127.

**CIVIL MINUTES – GENERAL**                              'O'

| Case No. | 2:18-cv-00240-CAS-AGRx | Date | October 14, 2021 |
|---|---|---|---|
| Title | Ada Shenon v. New York Life Insurance Company et al | | |

Wilmington, Inc., No. 08-CV-08525-PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). The "failure to specify the evidence" that a motion in limine "seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion." Bullard v. Wastequip Mfg. Co. LLC, No. 14-CV-01309-MMM (SSx), 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015).

"Trial courts have broad discretion when ruling on motions in limine." Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc., No. 2:16-CV-0084-FMO-AJW, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017). Such rulings are "not binding on the trial judge, and the judge may always change his mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Matrix Int'l Textile, 2017 WL 2929377, at *1 (internal citation omitted).

Civil litigants' obligations to timely comply with discovery requests are governed by Federal Rule of Civil Procedure 26, which provides in pertinent part:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would solely be for impeachment . . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-00240-CAS-AGRx | Date | October 14, 2021 |
|---|---|---|---|
| Title | Ada Shenon v. New York Life Insurance Company et al | | |

Fed. R. Civ. P. 26(a)(1)(B)(i)–(ii). Another section of Rule 26, dealing with the disclosure of expert testimony, states in part:

> (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> . . . .
>
> (D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(A), (D). "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Id. 26(e)(1)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)). The party facing exclusion of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                          'O'

| Case No. | 2:18-cv-00240-CAS-AGRx | Date | October 14, 2021 |
|---|---|---|---|
| Title | Ada Shenon v. New York Life Insurance Company et al | | |

evidence has the burden of showing that the failure to disclose was justified or harmless. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Id. at 1106.

### III.    DISCUSSION

Shenon seeks to preclude the trial testimony of defense witness Waj Abdullah, a Corporate Vice President for NYL, because NYL did not identify him in its Rule 26 initial disclosure, "failed to disclose him until February 24, 2020," and "has since refused to make him available for deposition." Mot. at 3-4. Shenon argues that NYL's failure to disclose Abdullah will prejudice Shenon because she "cannot adequately prepare to cross-examine Abdullah at trial," especially given that NYL "has stated unequivocally that it will not make [Abdullah] available for deposition before trial commences." Mot. at 6 (citing Declaration of plaintiff's counsel Michael B. Horrow ("Horrow Decl."), Ex. A. Finally, Shenon contends that Abdullah is not a true rebuttal witness because his purported testimony could be offered as part of NYL's case-in-chief. Mot. at 9.

In opposition, NYL argues that it was not required to disclose Abdullah because he is a rebuttal witness, and "'[t]ypically, rebuttal witnesses are not identified in a pre-trial statement or order.'" Opp. at 2 (quoting Riel v. Warden, 2010 WL 4628142, at *3 (E.D. Cal. Nov. 5, 2010)). NYL claims that plaintiff's argument that she will be prejudiced if not allowed to adequately prepare for Abdullah's testimony "defeats the purpose of a rebuttal witness, who is intended to testify in response to plaintiff's evidence." Opp. at 2. According to NYL, "Abdullah's testimony will depend on Plaintiff's case presentation and it may be that NYL will not even need to call [] Abdullah." Id. at 3. Finally, NYL contends that Abdullah's testimony will be true rebuttal testimony, and that "just because evidence may be offered in a party's case-in-chief does not bar its admission in rebuttal." Id. at 4 (citing Hellmann-Blumberg v. Univ. of Pac., 2013 WL 3422699, at *5 (E.D. Cal. July 8, 2013).

In reply, Shenon maintains that "[c]ourts have explored the contours and limits of rebuttal evidence, and repeatedly concluded that witnesses like Abdullah are not true rebuttal witnesses" because the term rebuttal "denot[es] evidence introduced by a *plaintiff* to meet new facts brought out in his opponent's case in chief." Reply at 2 (emphasis in original) (citing Mersel v. United States, 420 F.2d 517, 520 (5th Cir. 1969)). Shenon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:18-cv-00240-CAS-AGRx | Date | October 14, 2021 |
|---|---|---|---|
| Title | Ada Shenon v. New York Life Insurance Company et al | | |

notes that in NYL's opposition, NYL states that it "seeks to use Abdullah to refute evidence that may be raised in Plaintiff's trial presentation," and acknowledges that Abdullah's testimony "could have been used to bolster NYL's affirmative defenses." Reply at 2 (citing Opp. at 4). According to Shenon, this demonstrates that "Abdullah is not a true rebuttal witness, and he should not be permitted to testify." Reply at 3.

In correspondence with plaintiff's counsel, NYL stated that Abdullah's testimony "may be necessary to rebut Plaintiff's theories regarding a scheme or plan or conspiracy to deny claims without regard to their merit, as alluded to in Plaintiff's opposition to New York Life's motion for partial summary judgment." Horrow Decl., Ex. A. Shenon contends this correspondence reveals that Abdullah is not a true rebuttal witness, because the fact that Shenon "will present testimony and evidence regarding New York Life's 'repeated and continuous' scheme to deny long-term care benefits to its policy holders should have been, and undoubtedly was, reasonably anticipated by New York Life from the commencement of this lawsuit." Mot. at 8. The Court agrees with Shenon. NYL should have identified Abdullah earlier, since at minimum it has been clear since Shenon's opposition to New York Life's motion for partial summary judgment, dated December 16, 2019, that Shenon will offer evidence regarding NYL's Business Integrity Unit" ("BIU") and how the BIU "is designed . . . to increase denials." Dkt. 58 (MSJ Opp.) at 29.[2]

---

[2] While Shenon's opposition to New York Life's motion for partial summary judgment primarily discusses the BIU in the context of its claim for punitive damages, the Court notes that Shenon's evidence regarding a purported scheme or plan to deny claims is likely proper if offered for liability. See Croskey, Heeseman, Ehrlich & Klee, Rutter California Practice Guide: Insurance Litigation, Ch. 15-I: Trial ¶ 15:946 (2021 ed.) ("'Evidence of negligent mishandling of [] claims . . . if shown as a pattern, clearly would be strong circumstantial evidence that [Insurer] indeed engaged in the complained of conduct.'" (quoting Tricor California, Inc. v. State Comp. Ins. Fund, 30 Cal. App. 4th 230, 238 (1994)); Colonial Life & Accident Ins. Co. v. Superior Ct., 31 Cal. 3d 785, 791 (1982) ("[A] plaintiff may establish a claim by showing either that the acts that harmed him were knowingly committed or were engaged in with such frequency as to indicate a general business practice."); see also Fed. R. Evid. 404(b)(2). Still, the Court takes no definitive position on this evidence if offered for liability, and notes that if admitted, it may be subject to a limiting instruction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:18-cv-00240-CAS-AGRx | Date | October 14, 2021 |
|---|---|---|---|
| Title | Ada Shenon v. New York Life Insurance Company et al | | |

Abdullah's expected testimony is not true rebuttal testimony, as NYL is well-aware of the likelihood that evidence of NYL's purported "scheme or plan" to deny benefits to policy holders will be introduced as part of Shenon's case-in-chief. See Daly v. Far E. Shipping Co. PLC., 238 F. Supp. 2d 1231, 1238 (W.D. Wash. 2003) ("Rebuttal evidence is allowed to permit a litigant to counter new, unforseen facts brought out in the other side's case.") (citation and quotation marks omitted). However, as NYL correctly notes in its opposition, "[t]he fact that testimony would have been more proper for the case-in-chief does not preclude the testimony if it is proper both in the case-in-chief and in the rebuttal." United States v. Luschen, 614 F.2d 1164, 1170 (8th Cir. 1980). Moreover, Abdullah's testimony, which NYL states would "rebut Plaintiff's theories regarding a scheme or plan or conspiracy to deny claims without regard to their merit," is unlikely to significantly prejudice or surprise Shenon. See Horrow Decl., Ex. A. Accordingly, the Court finds it is appropriate to permit Abdullah to testify. See Rodella v. United States, 286 F.2d 306, 309 (9th Cir. 1960) ("The general rule has long been that whether material evidence (which could have been received as part of the case in chief) should be admitted in rebuttal, lies solely within the sound judicial discretion of the trial court."). Still, to mitigate any possible prejudice to plaintiff, the Court concludes it is appropriate to allow Shenon to depose Abdullah, for no longer than four hours, at a time when the parties are not in trial.

### IV.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion in limine and **ORDERS** Abdullah to submit to a four-hour deposition, at a time when the parties are not in trial.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |